NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

MICHAEL JAMES MALLOTTE, *Appellant.*

No. 1 CA-CR 21-0591
FILED 12-15-2022

Appeal from the Superior Court in Mohave County
No. S8015CR202100089
The Honorable Richard D. Lambert, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Deborah Celeste Kinney
*Counsel for Appellee*

Jill L. Evans Attorney at Law, Flagstaff
By Jill Evans
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge Michael J. Brown joined.

---

**M O R S E**, Judge:

¶1        Michael James Mallotte appeals his convictions and sentences for one count each of possession of dangerous drugs (methamphetamine) for sale and possession of drug paraphernalia.  For the following reasons, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2        We view the facts in the light most favorable to sustaining the verdicts and resolve all reasonable inferences against Mallotte.  *State v. Felix*, 237 Ariz. 280, 283, ¶ 2 (App. 2015).  One afternoon in January 2021, Lake Havasu City narcotics detectives gave patrol officers a tip that Mallotte's car was parked at Katherine's residence, which they had been staking out for "quite a while."  Mallotte drove away and the patrol officers stopped him after he committed a traffic infraction.  During a lawful search of his car, the officers found a bag containing approximately a half-pound of methamphetamine.  A grand jury indicted Mallotte for possessing methamphetamine for sale, a class 2 felony, and possessing drug paraphernalia, a class 6 felony.

¶3        Before jury selection on the first day of trial, the superior court addressed the parties' motions in limine.  The State sought to preclude Mallotte from introducing evidence that a few hours after his arrest, the police had served a search warrant at Katherine's house, arguing the information was irrelevant because the charged offenses stemmed solely from the search of his car.  The State also noted that Mallotte did not live at the residence, and the police did not find any exculpatory evidence there.

¶4        Mallotte objected, stating he intended to present a third-party culpability defense that someone at Katherine's house could have placed the methamphetamine in his car without his knowledge.  To support his theory, he wanted to introduce evidence establishing (1) the detectives had been investigating Katherine for drug-related crimes; (2) they secured and served the search warrant based in part on the drugs recovered from his

car; (3) when they searched her residence, they learned that several others were living there with her; and (4) the officers saw another person leave the residence and detained him, but they did not find any drugs in the person's truck.

¶5        The court reasoned that if Mallotte could provide evidence showing another person had access to his car "within a reasonable period of time," it would allow him to question the officers whether that person had been near his car or in Katherine's residence during the relevant time. After Mallotte failed to identify any such person, the court granted the State's motion.

¶6        At the hearing, the court also granted Mallotte's unobjected-to motion in limine precluding the State from introducing evidence that the Lake Havasu City police had "any prior interaction" with him. The next trial day, during the State's direct examination of a narcotics detective, the following exchange occurred:

> Q. Detective [D.], did you have any involvement in this case?
>
> A. Yes, I did, sir.
>
> Q. And could you . . . tell us that involvement with the case?
>
> A. Yes, I can. On the day this investigation was initiated, . . . I observed a vehicle that I recognized as a red Mustang belonging to Mr. Mallotte, based on his prior investigation that had been conducted.

Mallotte immediately requested a bench conference where he moved for a mistrial, asserting the detective's reference to a prior investigation violated the motion-in-limine order.

¶7        Noting the jury had already heard repeatedly that the patrol officers stopped Mallotte based on the testifying detective's tip, the court denied the mistrial motion. Over Mallotte's objection, the court instead instructed the jury "not to consider any prior investigations or prior knowledge that [the Lake Havasu City police] may have had regarding Mr. Mallotte. . . . [I]f you heard anything like that, you're to disregard that and not consider it in your deliberations." In final jury instructions, the court again directed the jurors that "[i]f testimony was ordered stricken from the record, you must not consider that testimony for any purpose."

**¶8**        In Mallotte's case-in-chief, he called a police sergeant who had assisted in searching his car. Once the police found the drugs, the sergeant went to Mallotte's nearby apartment and secured it for a search, which the police ultimately decided not to conduct. Mallotte chose not to testify. After Mallotte rested his case, the court denied his request for a third-party culpability jury instruction. In closing argument, Mallotte advanced the argument that the State had only presented "half of the story," urging the jury to consider that he — not the State — had called the sergeant to the stand and to question why the police had not searched his apartment.

**¶9**        The jury found Mallotte guilty as charged. The court sentenced him to concurrent prison terms, the longer of which was seven years. Mallotte timely appealed. We have jurisdiction under A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

### I.        Third-Party Culpability Defense.

**¶10**        Mallotte argues the court improperly precluded his third-party culpability evidence, depriving him of his constitutional rights to present a complete defense. He further challenges the denial of his request for a corresponding third-party culpability jury instruction. Although Mallotte did not raise his constitutional claim in the superior court, the State does not assert he has forfeited review of the issue absent fundamental error. Thus, we review the court's rulings for an abuse of discretion but examine constitutional issues de novo. *State v. Payne*, 233 Ariz. 484, 502, 515, ¶¶ 49, 136 (2013).

**¶11**        Arizona Rules of Evidence ("Rule") 401, 402, and 403 govern the admissibility of third-party culpability evidence. *State v. Machado*, 226 Ariz. 281, 284, ¶ 16 (2011). In this context, evidence is relevant only when it "tend[s] to create a reasonable doubt as to the defendant's guilt." *Id.* at n.2 (quoting *State v. Gibson*, 202 Ariz. 321, 324, ¶ 16 (2002)). Defendants are not entitled, however, "to raise unfounded suspicions or to simply throw strands of speculation on the wall and see if any of them will stick." *State v. Bigger*, 227 Ariz. 196, 208, ¶ 42 (App. 2011) (internal quotation marks omitted). And courts may exclude relevant third-party culpability evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." *Id.* at ¶ 41 (quoting Ariz. R. Evid. 403). The superior court has considerable discretion in deciding whether to admit such evidence, viewed in the light most favorable to its proponent. *Id.* at 208-09, ¶ 42.

¶12            "Criminal defendants are constitutionally guaranteed a meaningful opportunity to present a complete defense." *State v. Foshay*, 239 Ariz. 271, 279, ¶ 36 (App. 2016) (internal quotation marks omitted).  In exercising that right, they must still comply with "established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence." *State v. Prasertphong*, 210 Ariz. 496, 502, ¶ 26 (2005) (quoting *Chambers v. Mississippi*, 410 U.S. 284, 302 (1973)).  Put another way, the "right to present evidence in one's defense is limited to evidence which is relevant and not unduly prejudicial." *State v. Oliver*, 158 Ariz. 22, 30 (1988).

¶13            Applying these principles, Mallotte's proffered third-party culpability evidence consisted only of his uncorroborated allegation that some unidentified person—for unknown reasons—might have concealed the drugs in his car.  And when the court pressed him for details, Mallotte could not specify when the unnamed culprit would have had the means and opportunity to do so.  Because the potential evidence provided no more than "vague grounds of suspicion," the court reasonably concluded that it was irrelevant, given that it had little, if any, tendency to raise doubt about his guilt. *Bigger*, 227 Ariz. at 209, ¶ 43 (quoting *State v. Fulminante*, 161 Ariz. 237, 252 (1988)).  Even assuming the evidence met the low threshold for relevance, *State v. Tucker*, 215 Ariz. 298, 313, ¶ 51 (2007), the court could have found its probative value was substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, *see State v. Dann*, 205 Ariz. 557, 569, ¶¶ 35-36 (2003) (affirming the preclusion of third-party culpability evidence when its "tenuous and speculative nature . . . caused it to fail the Rule 403 test").

¶14            In sum, Mallotte's proffered evidence casts no doubt on the verdict and stands in stark contrast to cases in which our supreme court has found error in precluding a third-party culpability defense. *See Machado*, 226 Ariz. at 285, ¶ 24 (addressing an anonymous phone call wherein the caller confessed to the charged crime and "powerful indications" existed that the third party, not the defendant, was the caller); *State v. Prion*, 203 Ariz. 157, 161-62, ¶ 25 (2002) (discussing evidence showing an identified third party had the motive and opportunity to commit the charged offense).  Accordingly, we find neither evidentiary nor constitutional error in the evidence's exclusion. *See State v. Davis*, 205 Ariz. 174, 179, ¶ 33 (App. 2002) ("[A] defendant's constitutional rights are not violated where, as here, evidence has been properly excluded.").

¶15            Likewise, the superior court did not abuse its discretion by denying Mallotte's request for a third-party culpability instruction, given

that no reasonable evidence supported his defense theory. *See State v. Parker*, 231 Ariz. 391, 405, ¶ 54 (2013) ("A trial judge must instruct the jury 'on any theory reasonably supported by the evidence.'" (quoting *State v. Moody*, 208 Ariz. 424, 467, ¶ 197 (2004))). But, even if the court incorrectly assessed the instruction's evidentiary foundation, Mallotte is not entitled to relief. Our supreme court has held that the substance of a third-party culpability instruction is adequately covered when—as here—the jury receives proper instructions on the defendant's presumed innocence and the prosecution's burden to prove all elements of the charged crimes beyond a reasonable doubt. *Id.* at ¶ 56. Therefore, because the given instructions sufficiently informed the jury of the law, no reversible error occurred. *Id.*; *see also State v. Doerr*, 193 Ariz. 56, 65, ¶ 35 (1998) ("Where the law is adequately covered by instructions as a whole, no reversible error has occurred.").

## II.     Motion for Mistrial.

**¶16**        Mallotte asserts the court erroneously denied his mistrial motion. We review the ruling for an abuse of discretion. *State v. Bush*, 244 Ariz. 575, 594, ¶ 80 (2018). The superior court is afforded broad discretion in deciding whether to declare a mistrial because it "is in the best position to determine whether the [improper] evidence will actually affect the outcome of the trial." *State v. Jones*, 197 Ariz. 290, 304, ¶ 32 (2000).

**¶17**        "A declaration of a mistrial is the most dramatic remedy for trial error and should be granted only when it appears that justice will be thwarted unless the jury is discharged and a new trial granted." *State v. Leteve*, 237 Ariz. 516, 526, ¶ 33 (2015) (quoting *State v. Adamson*, 136 Ariz. 250, 262 (1983)). "To determine whether a mistrial is warranted, courts consider '(1) whether the jury has heard what it should not hear, and (2) the probability that what it heard influenced [it].'" *State v. Miller*, 234 Ariz. 31, 40, ¶ 25 (2013) (quoting *State v. Laird*, 186 Ariz. 203, 207 (1996)) (alterations in original).

**¶18**        "Arizona has long recognized that testimony about prior bad acts does not necessarily provide grounds for reversal." *Jones*, 197 Ariz. at 305, ¶ 34. To that end, "vague references to other unproven crimes and incarcerations" are not unduly prejudicial. *Id.* Likewise, brief testimony introducing inadmissible evidence is unlikely to influence a jury. *Laird*, 186 Ariz. at 207. And a curative instruction directing the jurors to disregard objectionable testimony can minimize any resulting prejudice. *State v. Lamar*, 205 Ariz. 431, 439, ¶ 43 (2003); *see Payne*, 233 Ariz. at 518, ¶ 151 (presuming jurors follow the court's instructions).

**¶19**    Here, although the jury should not have heard the challenged testimony, *see Miller*, 234 Ariz. at 40, ¶ 25, the detective's comment was isolated and lacked any details about the prior investigation.  And the prosecutor did not solicit the testimony; instead, the detective volunteered arguably extraneous information to a reasonable question about his involvement in this case.  *See State v. Koch*, 138 Ariz. 99, 102 (1983) (considering the unsolicited nature of inadmissible testimony in affirming the denial of a mistrial).  Further, as the superior court reasoned, the statement was largely cumulative to earlier unobjected-to testimony that the patrol officers had pulled him over based on the narcotics detectives' tip.  *Cf. State v. Dunlap*, 187 Ariz. 441, 458, 466 (App. 1996) (finding no prejudice from improper but "merely cumulative" testimony).

**¶20**    Although Mallotte complains the "limiting instruction was not enough to cure the error," he does not explain why it was insufficient, let alone identify any record evidence overcoming our presumption that the jury complied with the court's directives.  Nor is there merit to his unsupported contention that the court erred by issuing the curative instruction immediately after the inadmissible testimony rather than doing so only in final jury instructions.  *See State v. Herrera*, 203 Ariz. 131, 135, ¶¶ 7-8 (App. 2002) (finding no abuse of discretion in promptly delivering a curative instruction following improper testimony).  Accordingly, the superior court did not abuse its discretion in denying the mistrial motion and instead providing a curative instruction.

## CONCLUSION

**¶21**    We affirm Mallotte's convictions and sentences.



AMY M. WOOD • Clerk of the Court
FILED:    AA